**UNITED INSURANCE COMPANY, Plaintiff-Appellee, v. HUTCHINSON, Defendant-Appellee, BOARD OF REVIEW, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3882.   Decided September 23, 1946.

Benoy, Saxby & Sebastian, Columbus, for The United Insurance Company.

Hugh S. Jenkins, Attorney General, Columbus.

John M. Woy, Asst. Attorney General, Columbus, for Board of Review.

### OPINION

By THE COURT:

This is an appeal from the judgment of the Common Pleas Court of Franklin County, which overruled a motion interposed by the Board of Review to dismiss the action for lack of jurisdiction.

The Board of Review of the Bureau of Unemployment Compensation allowed benefits to the claimant, Moreland Hutchinson, and the employer, The United Insurance Company, filed an appeal in the Common Pleas Court of Franklin County. The Board of Review was made a party defendant by motion in accordance with the Unemployment Compensation Law.

All three assignments of error challenge the jurisdiction of the Common Pleas Court of Franklin County to hear and determine the appeal. The determination of this question requires the Court to construe the provisions of §1346-4, GC of Ohio, a part of the 8th paragraph of which provides as follows:

"Any interested party as defined in this Act may, within thirty days after notice of the decision of the board was mailed to the last known post office address of the parties, appeal from the decision of the board of review, or of a referee where an appeal has been disallowed by the board, to the Court of Common Pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein appellant, **if an employer, is resident or has his principal place of business in Ohio.**"

The United Insurance Company being the employer filed its appeal in the Common Pleas Court of Franklin County on the ground that it "is resident" in said county. The record shows that The United Insurance Company is a foreign corporation organized under the laws of the state of Illinois and with its headquarters in Chicago. The insurance company is authorized to do business in Ohio and has agencies in several of the larger cities of this state, including Columbus and Cleveland, Ohio. The claimant worked for the Cleveland agency. He had never worked for the Columbus agency. The agencies of the insurance company in the several cities of Ohio are entirely independent of each other. Each of these agencies deals didectly with the home office in Chicago. No one agency in Ohio exercises any authority or supervision over any other agency. Upon this set of facts we cannot find that the "principal place of business" of the insurance company was in Franklin County. The right of the Common Pleas Court of Franklin County to entertain jurisdiction hinges on the determination of the question as to whether the insurance company was a resident of Franklin County, within the provisions of §1346-4, GC.

As a general proposition the residence of a corporation is in the state or jurisdiction of its creation. The question arises, however, as to whether the United Insurance Company being a foreign corporation but doing business in Ohio, had acquired a residence in any one of the counties in which it had an agency and particularly in Franklin County.

In 13 Amer. Jur. p. 281, Section 418, the text is as follows:

"Whether a corporation is to be considered a resident of a particular place, by virtue of doing business there, depends

entirely upon the connection in which the question arises. **Where the problem is one of statutory construction, it must be solved in the light of the purpose of the act.** In the absence of express statutory provision fixing the locality of the residence of a corporation for particular purposes within the state by which it was created, the general rule is that its residence is where its principal office or place of business is."

In **Vol. 10, O. Jur. p. 1152, Sec. 881,** this proposition is stated as follows:

"While it has been said to be well settled that a corporation created by the laws of one state may be reincorporated by the act of another state, and thus become a domestic corporation, and while a foreign corporation may be made a domestic corporation of another state by the legislature thereof, at least in regard to property and acts within the territorial jurisdiction, it is nevertheless well settled that compliance with the Ohio statutes as to the doing of business therein by foreign corporations **does not change the foreign corporation into a domestic one,** or change its citizenship."

On page 1154, the following language is used:

"A foreign corporation derives whatever powers it may have or justly exercise from the laws of another state, and cannot be deemed domestic to Ohio. Nor can a domestic corporation, as such, become a nonresident of Ohio; neither can a foreign corporation have a legal residence in this state. **It is conclusively presumed to be a nonresident.**"

In Fletcher Cyclopedia Corporation, Permanent Edition, Vol. 8 at page 440, the rule is stated:

"The rule is also well settled that the legal existence, the home, the domicile, the habitat, the residence, the citizenship of the corporation can only be in the state by which it was created, nothwithstanding it may lawfully do business in other states, therefore as to all other states it is a foreign corporation, unless it is completely domesticated so as to become a new creation, **and at least for jurisdictional purposes corporations will be conclusively presumed to be citizens and residents of the state by which they were created.**"

See also, **Iron Co. v. Madigan,** 17 O. C. C. (N. S.), 340, 343, (affirmed without opinion, 88 Oh St 533); Insurance Co. v. Francis, 11 Wall. (U. S.) 210, 216.

It is contended on behalf of the appellee that for certain purposes a foreign corporation may be considered a resident of this state and in support thereof a line of authorties is cited, most of which relate to the service of summons or process on officers or agents within the state. We are of the opinion that this line of authorities has no application to the question before this Court. Special provisions of the statute control these matters. We are required to determine the intention of the Legislature in the use of the word "resident" in the enactment of §1346-4 GC. We are convinced that the Legislature never intended in the use of the term "resident" to confer on a foreign corporation all the attributes of a domestic corporation, and permit a foreign corporation to establish a residence within this state. To hold otherwise would require this Court to conclude that the United Insurance Company had a residence in every county in the state in which it had an agency, and it could have filed an appeal in the Court of Common Pleas in any one of several counties.

As heretofore stated, the claimant was employed by the Cleveland agency and his rights arose under that employment. Whether an appeal could properly be filed in the Common Pleas Court of Cuyahoga County is not before this Court. It is sufficient for this Court to decide that construing the provisions of §1346-4 GC of Ohio, the United Insurance Company was not a resident of Franklin County and did not have a principal place of business in said county. Certainly the law of Ohio should afford a forum in which the appellant can properly file an appeal; However, we hold that the Common Pleas Court of Franklin County did not have jurisdiction to entertain this appeal.

The judgment of the lower court will be reversed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## APPLICATION FOR REHEARING.

### Decided October 15, 1946.

### OPINION

By THE COURT:

Application for rehearing. The contention is made that

the effect of the holding of this Court is to deny the appellant a remedy by appeal under §1346-4, GC, and that, therefore, said statute is unconstitutional and void. We did not have before us and did not determine the question whether an appeal could be maintained in some other county of the state. Perhaps such an action can be maintained and an action is now pending in the Common Pleas Court of Cuyahoga County. It was sufficient for this Court to hold that such an action could not be maintained in Franklin County.

Application denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.