SPRAGUE, Plaintiff-Appellant, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2247. Decided December 4, 1953.

Raymond S. Caulfield, Dayton, for plaintiff-appellant.

Hon. C. William O'Neill, Atty Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for defendant-appellee, Board of Review.

Cowden, Pfarrer & Crew, Dayton, By Charles P. Pfarrer, of Counsel, for defendant-appellee, Frigidaire Division, General Motors Corporation.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court sustaining the action of the Board of Review in finding that the plaintiff had failed to establish by the proper degree of proof that she was entitled to further compensation under the provisions of the Unemployment Compensation Act.

The record discloses that the appellant refused employment because the same was not suitable, contending that under 1345-6 (e) GC she was not required to accept the same. The work refused consisted of packing peanut butter and coffee in containers. She testified that the smell of peanut butter makes her sick; that she is allergic to peanuts; that she became ill at the plant when she applied for the job, and that three days later she consulted her family physician, whose name she could not remember, who made certain tests in which he found that she had the said allergy. The Administrator rejected the application for the reason that her statement as to her health was not supported by any medical testimony The record made before the referee also contains only the statement of the appellant, which is unsupported by any medical evidence, even though she was represented by counsel who knew the reason for the refusal by the Administrator.

The appellant urges that since her testimony was not refuted it was incumbent upon the trier of the facts to accept the same. The trial court held that such was not the law. Citing 32 Corpus Juris Secundum, pp. 1089 and 1093:

"Uncontroverted evidence should ordinarily be taken as true, and uncontradicted evidence which is not improbable or unreasonable cannot be disregarded, even if it comes from an interested witness, and, unless shown to be untrustworthy, is conclusive; but evidence not directly contradicted is not necessarily binding on the triers of fact, and may under proper circumstances be given no weight, as where it is inherently improbable or unreasonable, self-contradictory, or inconsistent with facts or circumstances in evidence."

32 C. J. S. 1089, Evidence, Sec. 1038.

"However, the evidence relied on to support a verdict must in itself have fitness to induce conviction, even if uncontradicted; the persuasiveness of evidence may on occasion be destroyed by analysis even though

uncontroverted; and a substantial conflict in the evidence may arise when all of the evidence is produced by one party. A fact is not undisputed merely because one or more witnesses testify to it and no one denies it. since it is for the trial court to determine what credence it will give to witnesses." Id. p. 1093.

We find the Ohio Law supports the above authority. In the case of **Henderson v. Wertheimer, 12 Oh. Ap., 249,** the court says:

"The principal contention now made by the plaintiff in error is that the presumption of negligence which might have arisen by reason of the manner in which the collision occurred was rebutted by the uncontradicted evidence offered on his behalf. It is contended the court cannot rightfully reject uncontradicted and unimpeached testimony, and that therefore the statements of the two witnesses for defendant must be regarded as establishing a fact. Bale v. Chicago Junction Ry. Co., 259 Ill., 476.

It is not true in law that a witness must be credited unless directly impeached or contradicted by other witnesses; his manner, the improbability of his story, and his self-contradiction in the several parts of his narrative may justify a court or jury in wholly rejecting his testimony, though he be not attacked in his reputation, nor contradicted by other witnesses. **French v. Millard, 2 Oh St, 45;** Quock Ting v. United States, 140 U. S., 417; Sonnentheil v. Christian Moerlein Brewing Co., 172 U. S. 401, 408; In re Baumhauer, 179 Fed. Rep., 966; In re Schults, 135 Fed. Rep., 623; The Dauntless, 129 Fed. Rep., 715, 721; United States v. Sing Lee, 125 Fed. Rep., 627, 628; United States v. Lee Huen, 118 Fed. Rep., 442, 459, 462; in re Jew Wong Loy, 91 Fed. Rep., 240, 241, and People v. Tuczkewitz, 149 N. Y. 240.

If the court judicially determined that the testimony offered by the defendant, an interested witness, was unworthy of belief, he had a right and owed the duty to decide the case in accordance with that determination.

The weight of the evidence was for the trial judge to decide. The judgment is not manifestly against the weight of the evidence, nor contrary to law."

We are of the opinion that the mere absence of medical testimony is not fatal but may be considered by the trier of facts in determining the credibility to be given the same, and when it appears that such evidence was easily available it is reasonable for the trier of the facts to take such omission into account. This is especially true in our case since the Administrator had rejected the claim because of the failure of proof. If further proof were available it is not unreasonable to assume that the same would have been produced for consideration by the Board and referee.

After giving consideration to all the surrounding circumstances in this case we cannot say that the determination of the Board was "unlawful. unreasonable or against the manifest weight of the evidence".

The judgment will be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.