VESPREMI, APPELLEE, *v.* GILES, ADMR., BUREAU OF EMPLOYMENT SERVICES, APPELLANT, ET AL.

(No. C-790087 — Decided April 9, 1980.)

*Mr. Michael J. Mooney,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Marquette D. Evans,* for appellant.

*Per Curiam.* The question here before us is the eligibility of an alien for unemployment compensation benefits. Appellee, Laslo Vespremi, the applicant for such benefits, was admitted to the United States on October 4, 1975. He had a two-

year visa as an exchange student which permitted him to work. He was employed from February 23, 1976, to March 12, 1978. During this period his passport, visa and work permit expired. He was processed as a deportable alien and he requested asylum in the United States. His request for asylum had the legal effect of permitting him to remain in the country and to be eligible for a work permit.

On April 3, 1978, he made application for unemployment compensation benefits. His application was disallowed by the Administrator and the Board of Review of the Bureau of Employment Services, and his administrative appeals were denied. The basis for disallowance of his application was that he was ineligible for benefits under the requirements of R. C. 4141.29(J)(1) and (2). These sections provide:

"(J) Benefits shall not be paid on the basis of employment performed by an alien, unless the alien had been lawfully admitted to the United States for permanent residence at the time the services were performed, was lawfully present for purposes of performing the services, or was otherwise permanently residing in the United States under color of law at the time the services were performed, under section 203(a)(7) or 212(d)(5) of the 'Immigration and Nationality Act' 66 Stat. 163, 8 U.S.C.A. 1101:

"(1) Any data or information required of individuals applying for benefits to determine whether benefits are not payable to them because of their alien status shall be uniformly required from all applicants for benefits;

"(2) In the case of an individual whose application for benefits would otherwise be approved, no determination that benefits to the individual are not payable because of his alien status shall be made except upon a preponderance of the evidence that the individual had not, in fact, been lawfully admitted to the United States."

On appeal to the Court of Common Pleas of Hamilton County, the decision of the board of review was reversed and benefits ordered paid. The Administrator of the Bureau of Employment Services brings this appeal, assigning three errors, the first of which is that:

"The lower court erred in holding that Mr. Vespremi was qualified for unemployment benefits under Ohio Revised Code Section 4141.29(J)(1) and (2)."

The thrust of appellant's argument in support of this error is that appellee was not admitted to the United States as a permanent resident, was not lawfully present for performing work and was not permanently residing here under color of law. Therefore, argues appellant, the appellee is disqualified under the requirements of R. C. 4141.29(J). We disagree because R. C. 4141.29(J) is modified by R. C. 4141.29(J)(2), which states specifically that no one otherwise eligible shall be denied benefits because of his alien status unless it is established that he was not lawfully admitted to the United States. It is agreed that appellee was lawfully admitted to the country; and, he is, therefore, not disqualified by his alien status.

We recognize the inconsistency between R. C. 4141.29(J) and R. C. 4141.29(J)(2), but consider ourselves bound under R. C. 4141.46 to construe the statute liberally in favor of the applicant. The first assignment of error is overruled.

Appellant's second assignment states:

"The lower court exceeded its jurisdiction in ordering Albert G. Giles [the Administrator] to pay unemployment benefits to Mr. Vespremi."

This assignment has been mooted by the fact that no payment to appellee was made until the bureau determined what benefits were payable in accordance with law.

Finally, appellant urges that:

"The lower court erred in failing to find that Mr. Vespremi was not entitled to unemployment compensation benefits for the reason that he was not able to work and not available for work, as required by Section 4141.29(A)(4)(a), Ohio Revised Code."

The gist of the argument in support of this assignment is that when appellee applied for benefits on April 3, 1978, he did not have a valid work permit and therefore was ineligible for benefits under R. C. 4141.29(A)(4)(a). In pertinent part, R. C. 4141.29 provides:

"(A) No individual is entitled to * * * benefits for any week unless he:
"* * *

(4)(a) Is able to work and available for suitable work and is actively seeking suitable work * * *."

We find this argument unpersuasive. Appellee had in fact worked regularly until March 12, 1978, even though his work

permit had expired February 18, 1977. A letter, in evidence, from the Immigration and Naturalization Service indicates that appellee would have been granted a permit, on application, at any time after he had requested asylum in the United States on September 7, 1977. In fact, he applied for a work permit on April 12, 1978, and it was granted forthwith. The assignment of error is overruled.

All assignments of error properly before this court having been ruled upon as heretofore set forth the judgment herein appealed must be affirmed.

*Judgment affirmed.*

BETTMAN, P. J., SHANNON and BLACK, JJ., concur.