PEARSON, APPELLANT, *v.* ADMINISTRATOR OF OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

(No. 1126—Decided January 14, 1985.)

*Hugh A. Staley,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Cheryl J. Nester,* for appellee.

WEBER, J. This appeal is from a decision of the Darke County Common Pleas Court which affirmed the ruling of the Unemployment Compensation Board of Review. The board of review affirmed the administrator's holding that appellant, Duane M. Pearson, was discharged for just cause within the meaning of R.C. 4141.29(D)(2)(a), and was therefore not entitled to participate in the Unemployment Compensation Fund.

The sole assignment of error of the appellant is that the court below erred in finding that appellant was discharged for just cause and in affirming the decision of the board of review.

The appellant was employed by Fram Corporation on August 23, 1976. He was a member of the Fram Independent Union which negotiated employment procedures as part of an employment contract with the company. The contract provided procedures whereby employees could bid on certain jobs. The employee could disqualify himself from that job within three days of starting it, if the employee wished, without prejudice to his work record. The employment contract also provided procedures whereby employees could be moved to other jobs within the company on a seniority basis, if there was a reduction in the work force. If a work-force reduction occurred, and an employee was bumped to another job, no disqualification procedure was available.

On February 23, 1981, as a result of a work-force reduction, Duane Pearson was bumped from his job as janitor to a job operating a punch press. Pearson refused to work at that job, stating to his supervisor that he was afraid of working with the punch presses, and was assigned to other work that night. The next night of work Pearson again refused to work at his assigned punch press job and was sent home. That morning, February 24, 1981, he was called in to work where he was informed by the management, in the presence of a union representative, that discharge could occur because of his refusal to perform the job to which he was assigned. Pearson still refused to work the job, knowing he could be discharged, and he was subsequently discharged for insubordination.

The appellant had a fear of working on or around presses because of an incident which occurred prior to his employment at Fram. While at Fram, Pearson bid on two jobs involving press work, but disqualified himself within the required time limit. There is no indication in the record that the presses at Fram were unsafe or that the press operators had initiated any safety complaints about the presses, or that any accident with the presses happened while Pearson was employed at Fram.

The board of review found as a matter of fact that appellant was afraid of working on the press; that the fear was the reason he was unable to keep the previous press jobs he bid on; and that the fear of working on the presses was present when appellant was hired at Fram and arose from an experience during appellant's previous employment. Thus, the fact that Pearson had a fear of working on presses and that the fear prevented him from being able to perform such work was uncontroverted.

The parties do not contest that Pearson was assigned to work on the punch press job in compliance with the terms of the labor-management agreement. The issue which is contested is whether Pearson was discharged for just cause under the circumstances.

This court, upon review, will not set aside the lower court's decision unless that decision is unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4148.28(O). On appeal from an administrative decision, we look to all the evidence in the record to determine if the lower court's findings are supported by that evidence. R.C. 119.12.

See *Jones* v. *State* (May 6, 1982), Montgomery App. No. 7449, unreported.

The record indicates that Pearson refused to work on his assigned job on February 23, 1981, due to his fear of working on the presses. He was given a second opportunity to work at that job on February 24, 1981, on his regular shift, but again refused. Later, on February 24 he was given a final opportunity to work on that job with the knowledge that he could lose his job if he refused. Pearson refused again at that time. The evidence is uncontroverted that the appellant was afraid of working on the punch presses for personal safety reasons. Medical proof is not necessary, in light of the board's factual findings, for appellant to establish that he was unable to work on the punch press job to which he was assigned. *Sprague* v. *Bd. of Review* (App. 1953), 70 Ohio Law Abs. 387.

Refusal to perform the work assigned due to a pervasive fear of that work, acquired before employment and found to be existent at the time of refusal of performance and subsequent discharge, does not constitute insubordination and is not just cause for discharge within the meaning of R.C. 4141.29(D)(2)(a). Refusal of such work as a direct result of substantial fear of performing the task is not a willful disregard of the employer's interests; rather, the fear renders an employee incapable of performing such task. The inability to perform a job due to a physical or mental condition does not rise to justification for discharge for just cause so as to prevent an employee from qualifying for unemployment compensation benefits. See *Sellers* v. *Bd. of Review* (1981), 1 Ohio App. 3d 161; *Hepner* v. *Bd. of Review* (App. 1978), 11 O.O. 3d 144; *Schultz* v. *Herman's Furniture, Inc.* (1976), 52 Ohio App. 2d 161 [6 O.O.3d 159]. The statute which provides for unemployment compensation benefits should be liberally construed in favor of a claimant. *Vespremi* v. *Giles* (1980), 68 Ohio App. 2d 91 [22 O.O.3d 102].

In this case, the board found as fact the existence of appellant's fear of operating the punch press, and found that the fear prevented him from accepting the work when assigned to it by the labor-management contract, as well as in two previous voluntary attempts to perform the job. The board's finding that appellant was discharged for just cause must be supported by some reliable, probative evidence; otherwise, the board's decision is contrary to law. We find that the determination that appellant was fired for just cause was not supported by the evidence, and that appellant's refusal to perform the press job was not just cause for dismissal under the facts of this case as determined by the board of review and indicated by the evidence. There was insufficient evidence in the record for the board to conclude that appellant was discharged for just cause.

The assignment of error cited by appellant is sustained.

Judgment of the court below is reversed, appellant is entitled to participate in the Unemployment Compensation Fund, and the cause is remanded to the Ohio Bureau of Employment Services for payment of benefits according to law.

*Judgment reversed*
*and cause remanded.*

KERNS and WILSON, JJ., concur.