GENERAL MOTORS CORP., CENTRAL FOUNDRY DIVISION, Appellant,

v.

FOCKLER et al., Appellees.

[Cite as *Gen. Motors Corp. v. Fockler* (1991), 75 Ohio App.3d 587.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–103.

Decided Aug. 16, 1991.

*Richard M. Kerger, Michael S. Scalzo* and *Jessica R. Christy,* for appellant.

*Sandra A. Hamilton,* for appellee Ronald L. Fockler.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Patrick K. Wilson,* Assistant Attorney General, for appellee Ohio Bureau of Employment Services.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which dismissed the appeal of appellant, General Motors Corp., Central Foundry Division, to that court from a decision of the Ohio Unemployment Compensation Board of Review, for lack of subject-matter jurisdiction. Appellant sets forth one assignment of error in support of its appeal:

"The court of common pleas erred when it dismissed plaintiff's case based on its finding that plaintiff is not resident in a county in which it has offices for purposes of filing an appeal under O.R.C. § 4141.28(O)."

The undisputed facts that are relevant to a determination of the issues raised by this appeal are as follows. General Motors Corporation ("G.M.") is a foreign corporation doing business in Ohio. It operates its Central Foundry Division ("C.F.D.") in Defiance County, Ohio, and its Hydro–Matic Division ("H.M.D.") in Lucas County, Ohio. Appellee, Ronald L. Fockler, was terminated from his employment at C.F.D. for alleged excessive absenteeism and, on June 27, 1988, filed a claim for unemployment compensation with appellee, Ohio Bureau of Employment Services ("O.B.E.S."). The Administrator for O.B.E.S. disallowed Fockler's claim and affirmed its decision upon reconsideration. Fockler then appealed to the Ohio Unemployment Compensation Board of Review ("Board"), which reversed the decision of the Administrator and allowed the claim. The full Board refused further review. On January 9, 1989, appellant filed a notice of appeal from the decision of the Board, pursuant to R.C. 4141.28(O), in the Lucas County Court of Common Pleas. On February 8, 1989, Fockler filed a motion to dismiss the appeal for lack of subject-matter jurisdiction and a motion to join O.B.E.S. as an appellee. On March 6, 1989, O.B.E.S. entered its appearance as an appellee. On February 22, 1990, following several responses and replies by appellant and Fockler, the trial court filed its judgment entry which dismissed appellant's appeal for lack of subject-matter jurisdiction, finding, in pertinent part, as follows:

"Appellant contends that, in addition to its residence in Defiance County, it likewise had residence in Lucas County, as the Hydra–Matic Division is located here and that this division and the Central Foundry Division were both operating divisions of General Motors; therefore the appeal could properly be filed in this county.

"* * *

"Appellee cites the case of *United Insurance Co. v. Hutchinson,* 83 Ohio App. 182 [38 O.O. 252, 69 N.E.2d 373] (Franklin County Common 1947) [*sic*] as being applicable. In that case, *United Insurance Co.* was a foreign corporation authorized to do business in Ohio and with agencies in several of

the larger cities. These agencies were independent of each other and reported to be [*sic*] the home office (outside of this state). No one agency had any authority or supervision over any other agency. Claimant in that case worked for the Cleveland agency and filed for unemployment compensation. However, the board of review allowed benefits to the claimant. *United Insurance Co.* filed its appeal to the Common Pleas Court of Franklin County. A motion to dismiss the action for lack of jurisdiction was overruled by the Common Pleas Court and on appeal this judgment was reversed.

"The Court on appeal held that the Common Pleas Court of Franklin County did not have jurisdiction there inasmuch as *United Insurance Co.* was not a resident of that county for purposes of the statute in question. The Court further indicated that * * * 'the claimant was employed by the Cleveland agency and his rights arose under the employment.'

"Upon review of the facts of this case and the holding in *United Insurance Co., supra*, the Court herein finds that the reasoning in said case is persuasive and that the appeal herein is dismissed based upon this Court's lacking jurisdiction to hear same."

It is from this judgment that appellant brings this appeal.

In its sole assignment of error, appellant contends that the trial court erred by finding that appellant was not a resident of Lucas County for the purpose of filing a R.C. 4141.28(O) appeal. In support, appellant argues that (1) where a term within a statute is undefined, it must be given its common, ordinary and accepted meaning; (2) by giving the term "resident" its common, ordinary and accepted meaning, the court must find that an employer can file an appeal pursuant to R.C. 4141.28(O) wherever it is physically present; (3) if the legislature intended to permit a foreign corporation to file an appeal only where the employment relationship arose, it would have used words to that effect; (4) the construction accorded R.C. 4141.28(O) by *Hutchinson, supra, i.e.*, that a foreign corporation cannot be resident in any county in Ohio, denies appellant the right to due process because, if applied here, appellant would be without any forum in which to file its appeal; and (5) justice is not achieved by dismissing appellant's claim.

Appellee Fockler responds that (1) since the term "resident" is not defined by the statute, it must be given its common and ordinary meaning, which is that an employer may file an appeal in any county in which the employer is located; (2) the court in *Hutchinson, supra*, incorrectly utilized incorporation laws to define the term "resident"; (3) the term "employer" should be given its common and ordinary meaning, which is "the entity which had authority and control over the employee"; (4) only the C.F.D. in Defiance, Ohio, was the employer because it is the entity that hired and fired Fockler, not G.M.; the

H.M.D. in Lucas County, Ohio, had no authority or control over, and is independent of, the C.F.D.; (5) the C.F.D. is a resident of Defiance, Ohio; and (6) if the statute is interpreted to allow a large foreign corporation to file an appeal in any county in which it may have one of several independent divisions, it would create tremendous hardship by requiring employees to travel to, possibly, any county in Ohio to defend their claims.

O.B.E.S. responds that (1) the statutory language is clear and unambiguous in directing that an appeal in which the employer is the appellant must be filed where the employer resides or has its principal place of business; (2) C.F.D. is an "employer" as defined by R.C. 4141.01(A)(1); (3) C.F.D. is present only in Defiance County; (4) if *Hutchinson, supra,* is not applied, there is a great potential for abuse of the unemployment compensation system by employers who would then be able to file in counties distant from the situs of employment; and (5) employers are not denied due process by virtue of applying *Hutchinson, supra,* because they may file an appeal in the county in which the employment relationship existed.

Appellant replies that (1) appellees' arguments amount to the insertion of the additional language "and where the employment relationship arose" into R.C. 4141.28(O); (2) appellees' arguments are based upon policy considerations which are irrelevant to a court confronted with an unambiguous statute; (3) even if the policy arguments are relevant, an employee brought to a distant county, if prejudiced, can seek transfer of the case and eliminate the harsh result of the plain language of the statute, under the doctrine of *forum non conveniens;* and (4) C.F.D. is not the employer since a division is not a subsidiary, R.C. 4141.01(A)(1) does not include "divisions" of corporations in the definition of "employer," and an unincorporated operating division of a corporation is not recognized as a legal entity and cannot sue or be sued in its own name.

Appellant has submitted, as additional authority, R.C. 1.42 and *In re Adoption of Murphy* (1988), 53 Ohio App.3d 14, 557 N.E.2d 827, arguing further that the term "resident" means physical presence with intent to remain. Appellee Fockler responds to appellant's additional authority that it would be unreasonable to adopt the expansive definition of residence found in a domestic relations setting in interpreting R.C. 4141.28(O).

R.C. 4141.28(O) provides, in pertinent part, that:

*"Any interested party * * * may * * * appeal from the decision of the board to the court of common pleas of the county* where the appellant, if an employee, is resident or was last employed or of the county *where the appellant, if an employer, is resident or has his principal place of business in this state."* (Emphasis added.)

An appeal can be perfected only in the mode prescribed by the statute and, upon failure to do so, " * * * the proper action was dismissal." *Hansford v. Steinbacher* (1987), 33 Ohio St.3d 72, 514 N.E.2d 1385.

The issue presented by appellant's assignment of error[1] is whether an employer that is a foreign corporation doing business in Ohio is a "resident" of Lucas County, for the purpose of filing an appeal from a decision of the Unemployment Compensation Board of Review pursuant to R.C. 4141.28(O), by virtue of its operating a division of its business in Lucas County, even though it employed the claimant solely in a division of its business in Defiance County.

In *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772 the Supreme Court of Ohio stated:

"It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, [65 O.O.2d 296], 304 N.E.2d 378. Where the court is confronted with a statutory ambiguity, the rules of statutory interpretation may be invoked for the purpose of ascertaining the true intent of the General Assembly. See *Humphrey v. Winous Co.* (1956), 165 Ohio St. 45 [59 O.O. 65], 133 N.E.2d 780."

It is a general rule that if a term is not defined by the legislative enactment in which it appears, it will be given its common, ordinary and accepted meaning in the context in which it is used. *Baker v. Powhatan Mining Co.* (1946), 146 Ohio St. 600, 606, 33 O.O. 84, 87, 67 N.E.2d 714, 717.

" * * * Application of this principle would exclude any further interpretation of the statute. But the question as to the meaning of a term used in a statute is not necessarily what that terms [*sic*] means in general use, but what it means in the particular statute in which it is found." *Wadsworth v.*

---

1. Since the holding of the trial court was based upon a determination that G.M. is not resident in Lucas County without determining the issue of who Fockler's proper employer is, and since appellant's sole assignment of error relates to this determination, this court will address appellant's assignment of error on that basis. Appellees' argument as to who the proper employer is, in this procedural context, amounts to an urging of an alternative basis on which to sustain the trial court's finding and will be addressed only in the event that this court finds the trial court to have been in error.

It should also be noted that R.C. 4141.28(O) "controls subject-matter jurisdiction." *Hansford, supra,* 33 Ohio St.3d at 73, 514 N.E.2d at 1386. Unlike the case of a Civ.R. 12(B)(6) motion, in determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction a trial court is not confined to the allegations of the complaint and may consider other pertinent material without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

*Dambach* (1954), 99 Ohio App. 269, 272, 59 O.O. 47, 49, 133 N.E.2d 158, 161–62.

"* * * [T]he general rule of interpreting words in a statute according to their generally accepted meaning applies unless such an interpretation would be repugnant to the intention of the legislature, as plainly appears from the construction of the entire statute." 85 Ohio Jurisprudence 3d (1988) 257, Statutes, Section 243; *State ex rel. Belford v. Hueston* (1882), 44 Ohio St. 1, 5, 4 N.E. 471, 473. In such case, there is sufficient ambiguity to subject the word to judicial interpretation, *Wadsworth, supra,* 99 Ohio App. at 273, 59 O.O. at 49, 133 N.E.2d at 161, "* * * and where the intent can be discovered, it should be followed * * *." *State ex rel. Belford, supra,* 44 Ohio St. at 5, 4 N.E. at 473.

R.C. 4141.28(O) clearly allows an employer to file an appeal in a county where it is "resident." It does not, however, define the term "resident." Therefore, unless the common, ordinary use of the term "resident" unambiguously explains where a foreign corporation doing business in Ohio is resident, such term must be interpreted in light of the intent of the legislature.

The term "resident" is defined, in pertinent part, in Websters Ninth New Collegiate Dictionary (1990) 1003, as "living in a place for some length of time." "Reside" is defined in part as to "occupy a place as one's legal domicile." *Id.* at 1003. "Residence" is defined in part as "the place where a corporation is actually or officially established." *Id.* at 1003. These definitions do not unambiguously explain where a foreign corporation is "resident" in this state; rather, to apply them leaves us where we started, *viz.,* needing to determine where such corporation "lives" or where it is legally "established."

A resort to general legal definitions of the term "resident" actually precludes resort to common definitions. In Black's Law Dictionary (1990) 1309, it is stated under the definition of "resident" that the "[w]ord 'resident' has many meanings in law, largely determined by statutory context in which it is used. *Kelm v. Carlson,* C.A.Ohio, 473 F.2d 1267, 1271." Under the definition of "residence" it is stated that "[t]he terms 'resident' and 'residence' have no precise legal meaning." *Id.* at 1309. Under the definition of "reside" it is stated that "[a] foreign business corporation, for venue purposes, 'resides' in county where its registered office and registered agent is located." *Id.* at 1308.

It is also clear that the legislature did not intend to define "resident" by resort to the common or general use of the term with respect to *individuals.* This is evident by R.C. 4101.01(A)(1), which defines employer as including:

" * * * the state, its instrumentalities, its political subdivisions and their instrumentalities, and any individual or type of organization including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or the successor thereof, or the legal representative of a deceased person * * *."

Upon consideration of the foregoing, this court finds preliminarily that R.C. 4141.28(O) is ambiguous in its failure to define the term "resident," and therefore the meaning of that term is subject to judicial interpretation in accordance with the intent of the legislature.

The General Assembly has established certain basic guidelines to assist in discovering legislative intent. R.C. 1.49 provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

In addition, R.C. 4141.46 provides that "Sections 4141.01 to 4141.46, inclusive, of the Revised Code shall be liberally construed." This section has been interpreted as requiring liberal construction in favor of the applicant. *Vespremi v. Giles* (1980), 68 Ohio App.2d 91, 22 O.O.3d 102, 427 N.E.2d 30, paragraph two of the syllabus.

The purpose and object underlying the enactment of the Unemployment Compensation Act was set out by the Supreme Court of Ohio in *Baker, supra,* 146 Ohio St. at 605, 33 O.O. at 87, 67 N.E.2d at 717:

" * * * From its origin its primary objective was the salutary and laudable purpose of making lighter the burdens which had theretofore fallen upon workmen and their families as a result of adverse business and industrial conditions causing involuntary unemployment and creating the necessity for temporary economic relief. The Unemployment Compensation Act was not designed to provide benefits for those willfully idle or voluntarily and purposely unemployed.

"It was pursuant to the high purpose and praiseworthy design above stated that provision was made for the accumulation of a fund by means of

contributions exacted from employers for the benefit of those who suffer the loss of employment, not through any fault or choice of their own, but because they become the unfortunate and unwilling victims of adverse business and industrial conditions."

An examination of the purpose and history of the federal act is additionally instructive in light of the cooperation and interplay between federal and state governments as to unemployment compensation. *California Dept. of Human Resources Dev. v. Java* (1971), 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666. Section 503(a)(1) Title 42, U.S.Code provides that state unemployment compensation programs must "be reasonably calculated to insure full payment of unemployment compensation when due." The United States Supreme Court has stated that "[t]he objective of Congress was to provide a substitute for wages lost during a period of unemployment not the fault of the employee." *Java, supra,* at 130, 91 S.Ct. at 1353, 28 L.Ed.2d at 673. The Supreme Court, *id.,* at 131, 91 S.Ct. at 1373, 28 L.Ed.2d at 673, quoting Report of the Committee on Economic Security, Hearings on S 1130 before the Senate Committee on Finance, 74th Cong., 1st Session (1935) 1311, stated further that unemployment compensation is designed to "carry workers over most, if not all, periods of unemployment in normal times without resort to any other form of assistance." It provides

" * * * cash to a newly unemployed worker 'at a time when otherwise he would have nothing to spend,' serving to maintain the recipient at subsistence levels without the necessity of his turning to welfare or private charity. Further, providing for 'security during the period following unemployment' was thought to be a means of assisting a worker to find substantially equivalent employment * * *. [T]he Act 'covers a great many thousands of people who are thrown out of work suddenly. It is essential that they be permitted to look for a job. They should not be doing anything else but looking for a job.' " (Footnotes omitted.) *Id.,* at 131–132, 91 S.Ct. at 1354, 28 L.Ed.2d at 674.

It is clear to this court that if, as appellant contends, the term "resident" as used in R.C. 4141.28(O) is construed to mean wherever the employer is "present," is "located" or is "doing business," then an employer who operates in many counties could file an appeal in the court of common pleas in any one of those counties. Such a result would enable an employer to force employees to incur the additional expense and burden of distant litigation and would clearly contravene the object and intent of the Unemployment Compensation Act.

Upon consideration of the foregoing, this court finds that, (1) pursuant to R.C. 4141.28(O), an employer may file an appeal from a decision of the

Unemployment Compensation Board of Review in the Ohio county in which it is resident or has its principal place of business, and no other county; (2) appellant is a foreign corporation doing business in Ohio and operating divisions of its business in Defiance County and Lucas County, neither of which is its principal place of business in Ohio; (3) R.C. 4141.28(O) gives an employer that is a foreign corporation residence in Ohio for the limited purpose of filing an appeal from an adverse determination as to unemployment compensation; (4) when a foreign corporation doing business in Ohio operates separate divisions of its business in separate counties and employs a claimant exclusively in one of those counties, it is "resident," as that term is used in R.C. 4141.28(O), only in the county in which the claimant was employed; (5) appellant employed Fockler exclusively in the division of its business that is located in Defiance County, but filed its appeal in the Lucas County Court of Common Pleas; (6) R.C. 4141.28(O) controls subject-matter jurisdiction; (7) the Lucas County Court of Common Pleas lacked subject-matter jurisdiction over appellant's appeal and the trial court properly granted appellee's motion to dismiss.

Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed against appellant.

*Judgment affirmed.*

MELVIN L. RESNICK and SHERCK, JJ., concur.