Williams, J.
 

 The syllabus in
 
 Industrial Commission v. Weigand, supra,
 
 reads as follows:
 

 “1. After a claim has been denied by the Industrial’ Commission on jurisdictional grounds, Section 1465-90, General Code, grants a claimant the right to file a petition £in the Common Pleas Court of the county wherein the injury was inflicted.’ This is a special statute applying to cases brought under our workmen’s compensation law. It relates not only to venue but to jurisdiction, since it selects the court which shall hear and determine such causes.
 

 ”2. A claimant appealing from such adverse decision of the commission must file his petition in the Common Pleas Court of the county wherein the injury was inflicted, if inflicted in Ohio. Failure so to do can be objected to at any time during the trial, and the objection is not waived by the commission having theretofore pleaded the general issue.”
 

 Section 1465-90, General Code, insofar as pertinent to the questions presented here, has not been changed and the principles pronounced in the foregoing syllabus are applicable to the case at bar. The filing of
 
 *4
 
 the petition under that section of the statute is in effect the institution of an appeal. If there were no statute giving a right of appeal, there would be no such right. On the other hand, where there is an express statutory provision granting an appeal and providing in what county and what court a party entitled to appeal may file a petition, the statute is exclusive and the general provisions of the Code of Civil Procedure, relating to venue and jurisdiction, have no application. The appellant lays great stress upon the fact that Section 1465-90, General Code, in providing that a claimant injured in Ohio may file his petition in the Common Pleas Court of the county wherein the injury was inflicted, uses the word “may” and not “must.” Since the right to appeal conferred is exclusive, the intendment of the statute would not be altered had “must” been used in place of “may.”
 

 The question as to whether pleading to the merits constitutes a waiver has been settled by the
 
 Weigand case, supra;
 
 but the plaintiff raises the further question of estoppel. It is urged that defendant’s counsel, by participating in negotiations for a settlement and refraining from filing any pleading on behalf of the defendant until after the statutory period of sixty days for filing a petition on appeal had expired, lulled plaintiff’s counsel into the belief that the plaintiff would obtain some voluntary settlement or a fractional part of the fund to which she was entitled. By such conduct of defendant’s counsel, it is further urged, plaintiff was prevented from learning of defendant’s claim as to jurisdiction until it was too late to file a petition on appeal in the county where the injury was inflicted and the defendant, therefore, is estopped from raising the question of 'want of jurisdiction. Estoppel is an equitable principle and has no bearing upon venue and
 
 *5
 
 jurisdiction of the subject matter. They are determined by the statutes that are applicable.
 

 A petition for appeal, where the workman suffers his injury in Ohio, can be filed only in the Court of Common Pleas of the county in which the injury was inflicted.
 

 The Court of Appeals did not err and its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner, Mat.thias and Hart, JJ., concur.