HANSFORD, APPELLANT, *v.* STEINBACHER, ADMR., OHIO BUREAU OF EMPLOY-
MENT SERVICES, ET AL., APPELLEES.

[Cite as Hansford *v.* Steinbacher (1987), 33 Ohio St. 3d 72.]

(No. 86-1922—Decided November 10, 1987.)

*Michael J. Mooney,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sherrie J. Passmore,* for appellee Administrator.

WRIGHT, J. R.C. 4141.28(O) provides:

"Any interested party * * * may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. * * * Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court. * * *"

Hansford admits the notice should have been filed in Butler County. She contends the statute pertains to venue. The appellee Administrator maintains the statute controls subject-matter jurisdiction. If construed as a venue statute, jurisdiction could have been maintained by the trial court. Conversely, if the statute controls subject-matter jurisdiction, the proper action was dismissal.

The appellee correctly points out where a right of appeal is conferred by statute the appeal can only be perfected in the mode prescribed by that statute.[1] The right to appeal from an

[1] *Griffith* v. *J. C. Penney Co.* (1986), 24 Ohio St. 3d 112, 113, 24 OBR 304, 305, 493 N.E. 2d 959, 961, citing *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277, 279, 18

OBES ruling is, indeed, conferred by R.C. 4141.28(O). This is evidenced by the clear language of the statute which provides that "filing shall be the only act required to perfect the appeal and vest jurisdiction in the court." We conclude the statute controls subject-matter jurisdiction and, therefore, an appeal can only be perfected if the requisites of R.C. 4141.28(O) are satisfied.

The requisites of R.C. 4141.28(O) are clear. An appeal from the Unemployment Compensation Board of Review by an employee-appellant must be filed in the court of common pleas of the county in which the employee-appellant is a resident or was last employed. Hansford's appeal was incorrectly filed and the action was properly dismissed.

The judgment of the court of appeals is, therefore, affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

O.O. 3d 463, 465, 415 N.E. 2d 259, 260; *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, 188, 18 O.O. 3d 405, 406, 414 N.E. 2d 415, 416; *Zier* v. *Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 125, 38 O.O. 573, 574, 84 N.E. 2d 746, 747.