HARTSOCK, APPELLEE, *v.* CHRYSLER CORPORATION ET AL., APPELLANTS.

[Cite as Hartsock *v.* Chrysler Corp. (1989), 44 Ohio St. 3d 171.]

(No. 88-229—Submitted April 25, 1989—Decided August 2, 1989.)

172

*Gutierrez, Mackey & Gwin Co., L.P.A., Roy Gutierrez* and *James S. Gwin,* for appellee.

*Buckingham, Doolittle & Burroughs* and *George H. Rosin,* for appellant Chrysler Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *William M. O'Neill,* for appellant James Mayfield, Administrator, Bureau of Workers' Compensation et al.

WOLFF, J.   R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *."

It has long been the law of Ohio that the requirement that the appeal be initiated in the county of injury is a jurisdictional requirement. *Indus. Comm.* v. *Weigand* (1934), 128 Ohio St. 463, 191 N.E. 696; *Ford* v. *Indus. Comm.* (1945), 145 Ohio St. 1, 30 O.O. 236, 60 N.E. 2d 471; *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, 35 O.O. 2d 147, 216 N.E. 2d 379. In this case, we must determine whether *Fisher, supra,* and *Lewis, supra,* have changed the law. Because we find that these cases have not changed the settled law, we reverse the judgment of the court of appeals.

The *Fisher* syllabus states:

"1. The jurisdictional requirements of R.C. 4123.519 are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute. (*Cadle* v. *General Motors Corp.* [1976], 45 Ohio St. 2d 28, 74 O.O. 2d 50, 340 N.E. 2d 403, overruled.)

"2. Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities."

Hartsock argues, and the court of appeals agreed, that *Fisher* should be applied to relax the requirement that the appeal to the court of common pleas must be filed in the county of injury.

We disagree. *Fisher* did not deal with the problem presented in this case, *i.e.,* an appeal filed in the wrong county. Rather, *Fisher* dealt with the degree of scrutiny to which the *content* of a properly filed notice of appeal should be subjected for jurisdictional purposes. The "substantial compliance" standard enunciated in *Fisher* was not advanced in the context of a notice of appeal filed in the wrong county. Nor would it be appropriate for us to do so now.

As this court stated in *Jenkins, supra,* at paragraph four of the syllabus:

"Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act."

That the state legislature intended the above-quoted language of R.C. 4123.519 to be a jurisdictional requirement is clear from its August 22, 1986 amendment to R.C. 4123.519, Am. Sub. S.B. No. 307 (141 Ohio Laws, Part I, 718, 761), which refers to the above-quoted language of R.C. 4123.519:

"In the event that a claimant or employer is unable to properly vest jurisdiction in a court for the purposes of an appeal by the use of the jurisdictional requirements described in this paragraph, the appellant then may resort to the venue provisions in the Rules of Civil Procedure to vest jurisdiction in a court."

It is one thing to say, as we did in *Fisher,* that the literal requirements of R.C. 4123.519 for the content of the notice of appeal need not be slavishly adhered to for jurisdictional purposes. It is quite another thing to say that initiating the appeal in the wrong county, contrary to a clear legislative directive to file in the county of injury, is nevertheless jurisdictionally sufficient. This is all the more so considering the above-quoted language from *Jenkins.*

R.C. 4123.519 goes on to say:

"Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court."

Given the language preceding this passage, where the injury occurs in Ohio, the filing referred to can only be a filing made in the county of injury. A filing in the county of injury is clearly an act required by the legislature for the vesting of jurisdiction. *Fisher* does not, and cannot, permit a relaxation of this requirement.

Hartsock argues, and the court of appeals agreed, that the county-of-injury requirement of R.C. 4123.519 has been replaced by Civ. R. 3, by operation of Section 5(B), Article IV, Ohio Constitution, part of the Modern Courts Amendment of 1968:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

In support of this contention, Hartsock seizes upon the following passage from *Lewis, supra,* at 3, 21 OBR at 267-268, 487 N.E. 2d at 286-287:

"Appellees contend that R.C. 4123.519 created a new, substantive right of action governed by the time limitation contained in the statute. Appellees further claim that because this statute is one of creation of rights rather than limitation on a remedy, when the sixty-day limitation for filing a notice of appeal had run appellant's right of action was extinguished and her complaint could not be saved by R.C. 2305.19. * * *

"We cannot agree that R.C. 4123.519 creates a substantive right of action. Rather, we have long held that '[a] statute undertaking to provide a rule of practice, a course of procedure or *a method of review,* is in its very nature and essence a *remedial* statute.' (Emphasis added.) *Miami* v. *Dayton* (1915), 92 Ohio St. 215, 219. Indeed, in *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537 [8 O.O. 531], this court, asked to determine whether a precursor to R.C. 4123.519 was remedial in nature, stated, '[i]t is * * * difficult to avoid the conclusion that any right of appeal or review given by statute from an order of the Industrial Commission to a court must be classed strictly as a *remedy.*' (Emphasis added.) *Id.* at 544. See, also, *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 606 [60 O.O. 531]. Thus, R.C. 4123.519 contains a limitation on a remedy, not a limitation on a right of action. * * *"

Hartsock reads too much into this language. Our characterization of R.C. 4123.519 as a remedial statute did not transform the statute's county-of-injury requirement into a mere rule of procedure. Given the clear intention of the state legislature, as evidenced by the 1986 amendment to the statute, and the above-quoted language of *Jenkins, supra,* this court could not have done so.

The passage from *Lewis* upon which Hartsock relies refers to *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537, 8 O.O. 531, 9 N.E. 2d 505, wherein the predecessor to R.C. 4123.519 was classified as remedial. That case did not, however, dictate a subsequent departure from the county-of-injury requirement. See *Ford, supra*; and *Jenkins, supra.*

In *Lewis, supra,* the worker filed a timely notice of appeal in the proper county. The issue was whether the savings statute, R.C. 2305.19, applied so as to permit the worker to file a second complaint after her first complaint had been dismissed without prejudice. Nothing in *Lewis* diminishes the jurisdictional vitality of the county-of-injury requirement of R.C. 4123.519. By their terms, the Civil Rules cannot extend jurisdiction. Civ. R. 82.

In *Hansford* v. *Steinbacher* (1987), 33 Ohio St. 3d 72, 514 N.E. 2d 1385, this court was faced with the identical question as is presented here, but in the context of an appeal from the Unemployment Compensation Board of Review pursuant to R.C. 4141.28 (O), the pertinent language of which is remarkably similar to the pertinent language of R.C. 4123.519. Hansford, like Hartsock, had filed her notice of appeal in the wrong county despite a clear legislative directive as to where to file. Like Hartsock, she argued that the directive pertained to venue, not subject-matter jurisdiction. Her argument was rejected:

"The appellee [Steinbacher] correctly points out where a right of appeal is conferred by statute the appeal can only be perfected in the mode prescribed by that statute. The right to appeal from an OBES ruling is, indeed, conferred by R.C. 4141.28(O). This is evidenced by the clear language of the statute which provides that 'filing shall be the only act required to perfect the appeal and vest jurisdiction in the court.' We conclude the statute controls subject-matter jurisdiction and, therefore, an appeal can only be perfected if the requisites of R.C. 4141.28(O) are satisfied." (Footnote omitted.) *Id.* at 72-73, 514 N.E. 2d at 1386.

The reasoning that controlled in *Hansford* applies here well. R.C. 4141.28(O) is no less remedial than R.C. 4123.519. Hartsock contends that the result in *Hansford* would have been different had the effect of the Modern Courts Amendment been considered. Based on the foregoing discussion, this simply is not so.

We continue to hold that the requirement of R.C. 4123.519 that the notice of appeal be filed in the county specified in the statute is jurisdictional.

Accordingly, the trial court properly dismissed Hartsock's appeal, and the court of appeals erred in reversing the judgment of dismissal.

The judgment of the court of appeals is reversed and the judgment of the court of common pleas, dismissing the appeal from the Industrial Commission's decision, is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, sitting for H. BROWN, J.