## Clingerman v. Mayfield, Adm'r.
*[Cite as 6 AOA 343]*

*Case No. 89-A-1477*
*Ashtabula County, (11th)*
*Decided August 24, 1990*

*Thomas D. Thompson, 33 North High Street, Suite 900, Columbus, Ohio 43215 and Samuel L. Kirkland, 585 East State Street, Salem, Ohio 44460, for Plaintiff-Appellant.*

David R. Cook, 714 Superior Building, Cleveland, Ohio 44114, for Defendant-Appellee, Carter Jones Lumber Company.

William M. O'Neill, Assistant Attorney General, State Office Building, 12th Floor, 615 West Superior Avenue, Cleveland, Ohio 44113-1899, for Defendant-Appellee, Administrator, Bureau of Workers' Compensation.

BANNON, J.

Appellant, Ronald Clingerman, appeals the trial court's dismissal of his appeal from the industrial commission's order denying his claim for workers' compensation benefits.

The appellant was an oil field worker for the appellee, Carter Jones Lumber Company, where he attended to the pumping operations of oil wells. The appellant alleges that he injured his lower back while working alone in a remote oil field on August 11, 1986.

The appellant filed a claim for workers' compensation benefits which was denied by the district hearing officer. The board of review reversed the hearing officer, granting appellant's claim. On appeal, the industrial commission reversed the board of review and denied the claim on February 12, 1988.

On March 18, 1988, the appellant filed a notice of appeal and complaint in the Geauga County Court of Common Pleas, the county in which he believed he was injured. However, in the course of discovery, the appellant learned that the oil well where he was injured was actually located in Ashtabula County and not in Geauga County, as he mistakenly believed. The appellee filed a motion for summary judgment, alleging that the Geauga County Court of Common Pleas lacked jurisdiction to hear the matter, pursuant to R.C. 4123.519, since the injury occurred in Ashtabula County. On December 12, 1988, prior to the court's ruling on appellee's summary judgment motion, the appellant voluntarily dismissed his notice of appeal and complaint from the Geauga County Court of Common Pleas.

Subsequently, on December 19, 1988, the appellant refiled the identical notice of appeal and complaint in the Ashtabula County Court of Common Pleas. On January 17, 1989, the appellee filed a motion to dismiss on the ground that the Ashtabula County Court of Common Pleas lacked subject matter jurisdiction because the appeal was not filed within sixty days' receipt of the industrial commission's decision, as mandated by R.C. 4123.519.

On August 31, 1989, the trial court granted appellee's motion and dismissed the appeal. This timely appeal followed. Appellant presents one assignment of error:

"The trial court erred in granting appellee's motion to dismiss on the basis of lack of jurisdiction."

The assignment of error is overruled, and the judgment of the trial court dismissing the appeal is affirmed.

Appellant asserts two reasons why the trial court erred in dismissing this appeal:

"1) The "saving statute," R.C. 2305.19, applies to this case and that he had a right to voluntarily dismiss his appeal in Geauga County and refile it in Ashtabula County after the sixty-day time limit had expired for filing an appeal to common pleas court in a workers' compensation case; and

"2) R.C. 4123.519, effective November 3, 1989, has been amended to provide that, where an affidavit of a workers' compensation case has been filed in the wrong common pleas court, the trial court shall transfer the action to a court of a county having jurisdiction."

In Jenkins v. Keller, Admr. (1966), 6 Ohio St. 2d 122, the court stated in paragraph four of the syllabus:

"Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act."

Both sides of this appeal have cited Lewis v. Connor (1985), 21 Ohio St. 3d 1, and Hartsock v. Chrysler Corp. (1989), 44 Ohio St. 3d 171.

In Lewis, supra, the court held that the right of review granted by R.C. 4123.519 must be classed as a remedy -- a statutorily created remedy -- and not as a limitation on a substantive right. The court held that R.C. 4123.519 contains a time limitation upon a remedy, not a limitation on a substantive right created by statute. Therefore, in the absence of any provision to the contrary in R.C. 4123.519, the saving statute applies to a timely filed notice of appeal in a workers' compensation case.

In Hartsock supra, the court said that nothing in Lewis diminishes the jurisdictional vitality of the county of injury requirement of R.C. 4123.519. The court further held that by their terms," the Ohio Civil Rules cannot extend jurisdiction Civ. R. 82. In Hartsock, the appeal

was dismissed as mistakenly filed in the appellant's county of residence instead of the county where the injury occurred. The court clearly stated that, "We continue to hold that the requirement of R.C. 4123.519 that the notice of appeal be filed in the county specified in the statute is jurisdictional."

Applying *Lewis* and *Hartsock* then to the facts of the case *sub judice,* the saving statute does apply to workers' compensation appeals, but the appeal must have been filed in the jurisdictionally proper court in the first place. As the court said in *Hartsock* with the identical question, but in the context of an appeal from the Unemployment Compensation Board of Review, pursuant to R.C. 4141.28(O), in *Hansford v. Steinbacher* (1987), 33 Ohio St. 3d 72:

"*** We conclude the statute controls subject-matter jurisdiction and, therefore, an appeal can only be perfected if the requisites of R.C.4141.28(O) are satisfied.

"The reasoning that controlled in *Hansford* applies here as well.***"

The appellant here was injured in Ashtabula County. The workers' compensation appeal was filed in Geauga County. Appellant voluntarily dismissed his appeal and refiled it in Ashtabula County, the county having jurisdiction, some ten months after his claim was finally denied by the industrial commission, obviously far beyond the sixty-day time limitation provided in R.C. 4123.519. The Geauga County Common Pleas Court having no jurisdiction to entertain this appeal, the appeal never was perfected and, therefore, could not be the proper subject of R.C. 2305.19, the saving statute.

Appellant notes, however, that during the pendency of the appeal in this county, R.C. 4123.519 was amended, effective November 3, 1989, and now provides in pertinent part:

"(A) The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. In the event that no common pleas court has jurisdiction for the purposes of an appeal by the use of the jurisdictional requirements described in this paragraph,

the appellant then may resort to the venue provisions in the Rules of Civil procedure to vest jurisdiction in a court. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from a decision of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission. Notice of the appeal shall be filed by the appellant with a court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. *The filings shall be the only act required to perfect the appeal.*

*"If an action has been commenced in a court of a county other than a court of a county having jurisdiction over the action, the court, upon notice by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction.*

"***

"This section applies to all decisions of the commission, the administrator, or a regional board of review on November 2, 1959, and all claims filed thereafter shall be governed by sections 4123.512 [4123.51.2] to 4123.519 [4123.51.9] of the Revised Code.

"Any action pending in common pleas court or any other court on January 1, 1986 under this section shall be governed by sections 4123.514 [4123.51.4], 4123.515 [4123.51.5], 4123.516 [4123.51.6], 4123.519 [4123.51.9], and 4123.522 [4123.52.2] of the Revised Code." (Emphasis added.)

The LSC analysis of the amended statute provides that:

"The bill establishes that if an action has been commenced in a court of a county not having jurisdiction over the action, the court, upon notice by any party or upon its own motion, must transfer the action to a court of a county having jurisdiction (rather than dismissing the action)."

Baldwin's Ohio Legislative Service, 1989 Laws of Ohio, H222-LSC Analysis, p. 5-839.

It is clear that the time and place of injury appeal requirements of R.C. 4123.519 are remedial in providing a method of review. *Lewis v. Connor, supra.* Since R.C. 4123.519 is remedial and not substantive, it may be applied retroactively to any proceeding conducted after its adoption, even though the original action accrued and the complaint was filed prior to its enact-

ment. *State ex rel. Slaughter v. Industrial Commission of Ohio* (1937), 132 Ohio St. 537; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100.

Even if this court would hold that R.C. 4123.519, as amended effective November 3, 1989, applied to this case, the Geauga County Common Pleas Court could not be required to transfer this appeal to Ashtabula County because there was nothing to transfer. The notice of appeal and complaint had been voluntarily dismissed.

Hence, this court holds that R.C. 4123.519, as amended effective November 3, 1989, has no application to the facts of this case. Further, although the saving statute, R.C. 2305.19, is applicable to workers' compensation cases, that statute also has no application to the facts of this case.

The decision of the Ashtabula County Common Pleas Court in dismissing this appeal is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., Concur.