GDOVICHIN, Appellant,

v.

**GEAUGA COUNTY HIGHWAY DEPARTMENT et al., Appellees.**

[Cite as *Gdovichin v. Geauga Cty. Hwy. Dept.* (1993), 90 Ohio App.3d 805.]

Court of Appeals of Ohio,
Geauga County.

No. 93–G–1761.

Decided Oct. 4, 1993.

*Joseph A. Kochis,* for appellant.

*David P. Joyce,* Geauga County Prosecuting Attorney, and *Charles H. King,* Assistant Prosecuting Attorney, for appellees Geauga County Highway Department et al.

*Lee I. Fisher,* Attorney General, and *James P. Mancino,* Assistant Attorney General, for appellees Administrator, Bureau of Workers' Compensation, and Industrial Commission.

NADER, Judge.

This is an appeal from the judgment of the Geauga County Court of Common Pleas, dismissing appellant's appeal from the decision of the Cleveland Regional Board of Review ("board"), which affirmed the disallowance of her application for workers' compensation benefits.

On October 14, 1992, appellant received the order of the Industrial Commission which refused an appeal from the board. On November 12, 1992, appellant filed a complaint in the common pleas court. On December 15, 1992, a motion to dismiss the appeal for lack of jurisdiction was filed with the court. This motion to dismiss was granted on January 21, 1993.

Appellant filed a timely notice of appeal to this court, and presents the following assignment of error:

"The trial court erred when it granted the defendants-appellees' Motion to Dismiss, for failure to file a formal Notice of Appeal."

R.C. 4123.519 permits a claimant or employer to appeal a decision of the Industrial Commission or of its staff hearing officer in any injury or occupational disease case to a court of common pleas. As to the procedure for perfecting an appeal, R.C. 4123.519(A) provides:

"Notice of the appeal shall be filed by the appellant with a court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. The filings shall be the only act required to perfect the appeal."

The required content of the notice is set forth in R.C. 4123.519(B):

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

R.C. 4123.519(C) provides for the filing of a petition (or complaint) by the claimant:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."

The common pleas court dismissed the appeal below on the ground that appellant failed to file a notice of appeal within sixty days of receipt of the order of the commission. Appellant argues that the complaint, filed within the sixty-day period, contains the information required by R.C. 4123.519(B), and therefore constitutes substantial compliance for jurisdictional purposes with the statute.

In support of this argument, appellant relies upon *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975. The syllabus in *Fisher* reads:

"1. The jurisdictional requirements of R.C. 4123.519 are satisfied by the *filing of a timely notice of appeal* which is in substantial compliance with the dictates of that statute. (*Cadle v. General Motors Corp.* [1976], 45 Ohio St.2d 28, 74 O.O.2d 50, 340 N.E.2d 403, overruled.)

"2. Substantial compliance for jurisdictional purposes occurs *when a timely notice of appeal filed pursuant to R.C. 4123.519* includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." (Emphasis added.) See, also, *State ex rel. Jones v. Indus. Comm.* (1992), 65 Ohio St.3d 133, 601 N.E.2d 36.

The Supreme Court stated in *Fisher* that its determination was guided by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. *Id.* at 11, 30 OBR at 18, 505 N.E.2d at 977. It held that, although the notice of appeal timely filed in the case designated the incorrect order being appealed, the notice was sufficient to confer jurisdiction upon the common pleas court.

Appellees correctly respond that *Fisher* and its progeny deal exclusively with the requisite content of information in a notice of appeal, which has been timely filed.

In *Hartsock v. Chrysler Corp.* (1989), 44 Ohio St.3d 171, 541 N.E.2d 1037, it was held that the requirement of R.C. 4123.519, that the notice of appeal be filed in the county specified in the statute, was jurisdictional. The court reversed the appellate court's finding that the claimant's actions were in substantial compliance with the statute:

"We disagree. *Fisher* did not deal with the problem presented in this case, *i.e.*, an appeal filed in the wrong county. Rather, *Fisher* dealt with the degree of scrutiny to which the *content* of a properly filed notice of appeal should be subjected for jurisdictional purposes. The 'substantial compliance' standard enunciated in *Fisher* was not advanced in context of a notice of appeal filed in the wrong county. Nor would it be appropriate for us to do so now." (Emphasis *sic.*) *Id.,* 44 Ohio St.3d at 172, 541 N.E.2d at 1038.

The court also found *Fisher* inapplicable to the factual situation in *Austin Co. v. Cuyahoga Cty. Bd. of Revision* (1989), 46 Ohio St.3d 192, 546 N.E.2d 404. R.C. 5717.01 provides that appeals to the board of tax appeals shall be filed with the board of tax appeals and with the county board of revision. In *Austin Co.,* the appellants had filed notices of appeal with the board of tax appeals, which sent docketing letters to the board of revision. The court affirmed the dismissals for lack of jurisdiction, noting that *Fisher* "considered the contents of a notice of appeal and not its timely filing." 46 Ohio St.3d at 194, 546 N.E.2d at 406.

We conclude that the substantial compliance test of *Fisher* does not extend to the instant case, in which no notice of appeal was timely filed.

■ Further, it is clear that an appeal pursuant to R.C. 4123.519 is to proceed with the filing of a notice of appeal, with a subsequent filing of a complaint. Section (C) of the statute directs that the complaint shall be filed "within thirty days after the filing of the notice of appeal." The complaint is to set forth facts showing a cause of action, and to set forth the basis for the jurisdiction of the court. This latter requirement demands, *inter alia,* reference to a timely filed notice of appeal with the court.

While we are mindful of the policy that cases should be decided on their merits, we cannot construe *Fisher* to permit the filing of a complaint to substitute for the filing of a separate notice of appeal, the latter being clearly mandated by the statute. To the contrary, *Fisher, Hartsock* and *Austin Co.* underscore that the essential fact is the act of filing the notice of appeal pursuant to R.C. 4123.519(A). See, also, *Fisher, supra,* 30 Ohio St.3d at 11–12, 30 OBR at 18–20, 505 N.E.2d at 977–978 (H. Brown, J., concurring). Under current law, the filing of a complaint

pursuant to R.C. 4123.519(C) does not satisfy the sole jurisdictional requirement, even if the complaint substantially contains the information specified in R.C. 4123.519(B). We agree with the following statement of the court below:

"Nobody can argue with the proposition that justice is best served by favoring substance over form, and that cases should be decided on the merits rather than be dismissed on a technicality. However, a decision holding the filing of a notice of appeal in a workers' compensation case to be merely optional should come from higher authority."

Accordingly, appellant's assignment of error lacks merit, and the judgment of dismissal is affirmed.

*Judgment affirmed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.