Ceopha Beach appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas dismissing his complaint. The complaint related to a September 6, 1995, order of an Industrial Commission Staff Hearing Officer that approved a settlement agreement involving Howard Paper Mills Investors, Inc. ("Howard Paper"), Beach's employer, and the Bureau of Workers' Compensation. The order in question was vacated the same day when the hearing officer realized that Howard Paper had not signed the settlement agreement.
Beach sustained industrial injuries in 1973, 1976, and 1982 in the course of his employment with Howard Paper. Beach was apparently allowed benefits for each of these injuries. In August 1995, Beach filed a Self-Insured Joint Settlement Agreement and Release ("settlement agreement") for approval by the Industrial Commission. The settlement agreement stated that Howard Paper agreed to pay $25,000 to Beach in settlement of his claims and was signed by Beach but not by a representative of Howard Paper. As discussed supra, the hearing officer approved the settlement agreement on September 6, 1995, but vacated the order that same day upon realizing that the document did not contain the employer's signature. The latter order was mailed to the parties on October 23, 1995. Neither party apparently took any additional action with respect to the proposed settlement at that time.
Beach filed a complaint on March 12, 1998, seeking to enforce the settlement agreement, and to obtain interest, payment of outstanding medical bills, and compensatory and punitive damages. The Bureau of Workers' Compensation and the Industrial Commission filed a motion to dismiss Beach's complaint on numerous grounds, including lack of subject matter jurisdiction and lack of a timely notice of appeal. Howard Paper filed a similar motion. The trial court granted the motions to dismiss on July 7, 1998. In its decision, the trial court found that Beach was, in effect, attempting to appeal the hearing officer's September 6, 1995 decision vacating the approval of the settlement agreement that had lacked the employer's signature. The trial court found that the workers' compensation statutes, particularly R.C. 4123.512(A), required the filing of a notice of appeal, not a complaint, in the court of common pleas and that the filing of a complaint cannot substitute for the filing of a notice of appeal, citing Gdovichin v. GeaugaCty. Hwy. Dept. 1993), 90 Ohio App.3d 805, 808. Moreover, the court noted that even if Beach's complaint could be construed as a notice of appeal, it did not contain the information required by the statute and was not filed in a timely manner. Accordingly, the trial court found that Beach had failed to meet the sole requirement of R.C. 4123.512(A) for vesting jurisdiction in the court of common pleas to hear his appeal, i.e., the filing of a timely notice of appeal, and granted the motions to dismiss.
On appeal, Beach does not set forth assignments of error as such, but he argues that: 1) the trial court's entry contains a prejudicial error in that it refers to "combined 1976 and 1982 claims" having been settled; 2) R.C. 4123.65 does not allow for the approval of a settlement to be vacated; 3) R.C.4123.65 does allow for the settlement of claims without the employer's signature; and 4) the order vacating the approval of the settlement agreement was mailed to an improper address. Because of the threshold jurisdictional issues addressed in the trial court's judgment, however, we will first discuss the matters addressed in that judgment and in the motions to dismiss.
R.C. 4123.512 provides for appeals from orders of the Industrial Commission to the court of common pleas. It states, in pertinent part:
 (A) * * * The appellant shall file the notice of appeal with the court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision * * *. The filing of the notice of the appeal with the court is the only act required to perfect the appeal. * * *
 (B) The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that appellant appeals therefrom. * * *
As a preliminary matter, we note that Beach did not appeal the hearing officer's decision to the Industrial Commission, as he was entitled to do pursuant to R.C. 4123.511 (E). Thus, Beach had not exhausted his administrative remedies and was not in the procedural posture presumed by R.C. 4123.512 for the filing of a notice of appeal in the common pleas court. Beach's failure to exhaust his administrative remedies could have been, in itself, a valid reason for the trial court to enter judgment against him. Jackson v. Bureau of Workers' Comp. (1994),98 Ohio App.3d 579, 585. Assuming, however, that Beach could have appealed the hearing officer's decision directly to the trial court, he had only sixty days within which to do so pursuant to R.C. 4123.512(A). Beach filed his complaint over two years after the hearing officer's decision. Beach's claim that the disputed order was mailed to the wrong address and then returned to the Industrial Commission is of no consequence; he admittedly became aware of the decision a little over one year after its issuance, and he clearly did not file an appeal within sixty days of that time. Thus, the trial court properly concluded that Beach had not filed a timely notice of appeal.
The trial court also properly concluded that Beach's complaint, which did not refer to the date of the order appealed or to the fact that Beach intended to appeal therefrom as required by R.C. 4123.512(B), could not serve as a substitute for a notice of appeal. Gdovichin, supra (supreme court's preference for deciding cases on the merits cannot be construed to permit the filing of a complaint to substitute for the filing of a notice of appeal where the latter is mandated by statute).
The trial court had valid bases to dismiss Beach's complaint on jurisdictional grounds, and we find no error in its judgment. In response to Beach's substantive claims, however, we briefly note that R.C. 4123.65(A) does require the signature of both the claimant and the self-insured employer on a settlement agreement unless the employer is no longer doing business in Ohio, a condition that does not apply to Howard Paper. Moreover, while R.C. 4123.65 does not specifically authorize a hearing officer to vacate an approved settlement agreement, neither does it preclude such action. In our view, such an order was wholly appropriate where, as here, the hearing officer almost immediately realized that the settlement agreement clearly did not comply with the provisions of the statute.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Ceopha Beach C. Bradley Howenstein Jeffrey D. Snyder Nicholas E. Davis, Jr. Hon. Adele M. Riley