OPINION
Plaintiff-appellant Debra S. Day [hereinafter appellant] appeals the November 14, 2001, Judgment Entry of the Delaware County Court of Common Pleas which dismissed appellant's appeal of a denial of workers' compensation benefits. Appellees are James Conrad, Administrator, Bureau of Workers' Compensation and Noah's Ark Learning Center.
 STATEMENT OF THE FACTS AND CASE
Appellant alleges that on or about May 3, 2001, appellant was injured in the course of and arising out of her employment with defendant-appellee Noah's Ark Learning Center. Appellant sought workers' compensation benefits for the injury. The Ohio Bureau of Workers' Compensation denied her claim. Appellant appealed that order. However, ultimately an Industrial Commission Staff Hearing Officer disallowed the claim. Appellant appealed that decision to the Industrial Commission. However, by an Order mailed June 1, 2001, the Industrial Commission refused to hear her appeal. Appellant received the Industrial Commission's refusal to hear the appeal on June 4, 2001.
On August 2, 2001, appellant filed a "Petition" in the Delaware County Court of Common Pleas. In the petition, appellant restated the facts that led to the June 1, 2001, Decision of the Industrial Commission and asked the court to grant her the right to participate in the Ohio Workers' Compensation Fund for her injuries. The petition named Noah's Ark Learning Center and the Industrial Commission of Ohio as the defendants.
On September 24, 2001, appellant filed a Motion to add the Ohio Bureau of Workers' Compensation as a defendant in the action. On September 28, 2001, before the Court of Common Pleas ruled on appellant's motion, counsel for the Bureau of Workers Compensation filed a Motion to Dismiss and Memorandum Contra [Appellant's] Motion. The Bureau of Workers' Compensation argued that appellant had failed to file a proper notice of appeal and, therefore, the trial court lacked subject matter jurisdiction.
On November 14, 2001, the Court of Common Pleas entered a Judgment Entry that granted the Motion to Dismiss the case and denied appellant's motion to add a defendant. The court found that appellant's "Petition" filed on August 2, 2001, did not satisfy the statutory requirements set out in R.C. 4123.512 to constitute a Notice of Appeal. Therefore, the court found that the case must be dismissed.
It is from the November 14, 2001, Judgment Entry that appellant appeals, raising the following two assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING THE ADMINISTRATOR OF THE BUREAU OF WORKERS' COMPENSATION'S MOTION TO DISMISS.
 "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO ADD THE BUREAU OF WORKERS' COMPENSATION ADMINISTRATOR AS A PARTY DEFENDANT."
 I
In the first assignment of error, appellant contends that the trial court erred when it granted appellant's motion to dismiss the case. We disagree.
Revised Code 4123.512(A) permits appeal of an Industrial Commission order affecting the right to participate in the workers' compensation fund. That appeal is taken "to the court of common pleas of the county in which the injury was inflicted. . . ." R.C. 4123.512(A). However, "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." Jenkins v.Keller (1966), 6 Ohio St.2d 122, 216 N.E.2d 379, paragraph 4 of syllabus.
To perfect an appeal, Revised Code 4123.512(A) mandates that the "appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of receipt of the order appealed from. . . ." Filing the notice of appeal is "the only act required to perfect the appeal." R.C. 4123.512(A). The requirement that the notice of appeal be timely filed in the appropriate court of common pleas is jurisdictional. Gdovichin v. Geauga Cty. Hwy. Dept. (1993),90 Ohio App.3d 805, 630 N.E.2d 778.
Revised Code 4123.512(B) requires that certain facts be pleaded in the notice of appeal. "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." Revised Code 4123.512(B) further mandates that "the administrator, the claimant and the employer shall be parties to the appeal" and that the notice of appeal be served "on the administrator of workers' compensation at the central office." In Fisher v. Mayfield (1987), 30 Ohio St.3d 8,10-11, 505 N.E.2d 975, the Ohio Supreme Court held that "the dictates of [R.C. 4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of the statute."
The Notice of Appeal may be contrasted with a petition that the appellant must file after the notice of appeal. Revised Code 4123.512(D) mandates that the "claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing cause to participate or continue to participate in the fund. . . ."
Appellant filed a "petition" in the Delaware County Court of Common Pleas on August 2, 2001. Appellant contends this document should be treated as a notice of appeal. Appellee argues that appellant's Petition did not constitute a notice of appeal and therefore, appellant failed to invoke the jurisdiction of the Court of Common Pleas.
Upon review of the "petition," we find it did not constitute a Notice of Appeal. Appellant's petition was not identified as a "notice of appeal," did not state that appellant sought to appeal a particular Industrial Commission order nor did it in any other way purport to be a notice of appeal. Further, the petition did not name the Administrator of the Bureau of Workers' Compensation as a party nor indicate that it was served on the Administrator of the Bureau of Workers' Compensation's central office. Thus, we find that the petition did not constitute a notice of appeal as required by R.C. 4123.512(A) and (B).
We find that appellant's petition was a petition filed in accordance with R.C. 4123.512(D). The petition contained a statement of facts that attempted to show cause for appellant to participate in the workers' compensation fund. In Gdovichin v. Geauga Cty. Hwy. Dept., supra., the court held that the filing of a R.C. 4123.519(C) (now codified as4123.512(D)) petition, did not satisfy the sole jurisdictional requirement of filing a notice of appeal. We agree.
Since appellant failed to file a timely notice of appeal in the Court of Common Pleas, the Court of Common Pleas was never vested with jurisdiction over the matter. The trial court did not err in dismissing appellant's "petition" for lack of jurisdiction.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court erred when it denied appellant's motion to add the Administrator of the Bureau of Workers' Compensation as a defendant. We disagree.
As held in assignment of error I, the trial court was never vested with jurisdiction over this matter. As such, the trial court had no jurisdiction to proceed with the case. Therefore, the trial court did not err when it denied appellant's motion to add a party to the action.
Appellant's second assignment of error is overruled.
Based on the foregoing, the judgment of the Delaware County Court of Common Pleas is affirmed.
EDWARDS, J., HOFFMAN, P.J., and GWIN, J. concur.