GASPER TOWNSHIP BOARD OF TRUSTEES, APPELLANT, *v.* PREBLE
COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *Gasper Twp. Bd. of Trustees v. Preble Cty. Budget
Comm.*, 119 Ohio St.3d 166, 2008-Ohio-3322.]

(No. 2007–1282—Submitted March 11, 2008—Decided July 8, 2008.)

LUNDBERG STRATTON, J.

{¶ 1} The Gasper Township Board of Trustees appeals from a decision of the Board of Tax Appeals ("BTA") that dismissed its appeal from an order of the Preble County Budget Commission allocating local government funds. The BTA found that it lacked subject matter jurisdiction to consider the appeal because the budget commission never received the Gasper Township notice of appeal that was mailed on October 15, 2004.

{¶ 2} The narrow issue before this court is whether the township filed its notice of appeal with the budget commission to invoke the subject matter jurisdiction of the BTA over the appeal. The township mailed the notice of appeal by certified mail to the Preble County Budget Commission on October 15, 2004, as authorized by R.C. 5705.37. The notice was correctly addressed. The township received confirmation of delivery by the postal service. Therefore, we hold that under the specific circumstances of this case, the township filed its notice of appeal as authorized by R.C. 5705.37, invoking the subject matter jurisdiction of the BTA. We reverse the BTA's decision.

## Procedural History

{¶ 3} Dissatisfied with its share of local government funds that the Preble County Budget Commission had allocated for 2005, Gasper Township appealed to the BTA pursuant to R.C. 5705.37 and 5747.55. The BTA received Gasper Township's notice of appeal on October 18, 2004. The BTA conducted a hearing on the merits of the appeal on June 10, 2005, in which both the township and the budget commission participated.[1] On January 27, 2006, the BTA entered an

---

1. The BTA contacted the budget commission on February 7, 2005, about a notice of appeal that
   Gasper Township had filed on October 6, 2004, and requested that the commission certify its

interim order finding that the budget commission had improperly adopted the 2005 allocation, and it scheduled further proceedings to determine the proper allocation of funds.

{¶ 4} Shortly before the scheduled hearing on allocation of funds, counsel for appellees, the villages of Eldorado, Gratis, Lewisburg, New Paris, West Alexandria, West Manchester, and Verona, filed an appearance in the appeal and a motion to dismiss for lack of jurisdiction. The villages claimed that Gasper Township had failed to comply with R.C. 5707.37 and that the budget commission had failed to notify the villages of the filing of the appeal as required by the statute. During this subsequent phase of the litigation, the budget commission also moved on October 13, 2006, to dismiss for lack of subject matter jurisdiction, arguing that Gasper Township's notice of appeal had not been filed with the budget commission as required by R.C. 5705.37. Because jurisdictional issues are never waived, *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 10 O.O.3d 411, 383 N.E.2d 896, the BTA conducted a hearing on the motions to dismiss despite their having been filed at an advanced stage of the litigation. At the hearing, Gasper Township presented evidence to show that it sent a copy of the notice of appeal by certified mail to the BTA on October 15, 2004 (the copy that the BTA received on October 18) and another copy by certified mail to the Preble County Budget Commission, Courthouse, 2nd Floor, Eaton, Ohio 45320. Debra Brock, a receptionist who worked on the first floor of the county courthouse for the county commissioners, testified that she had signed the certified-mail receipt.

{¶ 5} The budget commission did not dispute that Gasper Township had sent the notice of appeal via certified mail to the specified address, but it presented evidence that the original notice of appeal was never received by the budget commission and was never located after Brock signed for it. Based on this evidence, the BTA found that although Gasper Township had sent a timely notice of appeal to the budget commission by certified mail, as permitted by R.C. 5705.37, the notice had not been filed because it never arrived at the appropriate office. Thus, the BTA dismissed Gasper Township's appeal for lack of subject matter jurisdiction. The BTA decision addressed only the commission's motion and did not directly address the villages' contentions.

{¶ 6} Gasper Township appeals that decision to this court and argues that it filed the notice of appeal in accordance with R.C. 5705.37 by sending it via certified mail within the 30–day filing period. The budget commission (and the villages), on the other hand, urges that a notice of appeal has not been filed

transcript of proceedings to the BTA as required by statute. As of June 6, 2005, the budget commission formally appeared through counsel and fully participated in the proceedings.

pursuant to R.C. 5705.37 until the budget commission actually receives it. Thus, we must determine whether the notice of appeal has been filed with the budget commission upon a timely, certified mailing to the proper address per R.C. 5705.37.

## Filing a Notice of Appeal Pursuant to R.C. 5705.37

{¶ 7} As we stated in *Painesville,* 56 Ohio St.2d at 284, 10 O.O.3d 411, 383 N.E.2d 896, "[t]he right to appeal an allocation of a local government fund to the Board of Tax Appeals is created by statute. * * * Therefore, if appellant has failed to comply with the appropriate statutory requirements, the board lacks subject-matter jurisdiction to hear the appeal." Id., citing *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 584, 53 O.O. 430, 120 N.E.2d 310, and *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

{¶ 8} R.C. 5705.37 authorizes Gasper Township to appeal from an action of a county budget commission. It provides: "The taxing authority of any subdivision that is dissatisfied with any action of the county budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days * * *. An appeal under this section shall be taken by the filing of a notice of appeal, either in person or by certified mail * * *, with the board and with the commission. *If [a] notice of appeal is filed by certified mail * * *, [the] date of the United States postmark placed on the sender's receipt by the postal service * * * shall be treated as the date of filing.* Upon receipt of the notice of appeal, the commission, by certified mail, shall notify all persons who were parties to the proceeding before the commission of the filing of the notice of appeal and shall file proof of notice with the board of tax appeals." (Emphasis added.)

{¶ 9} The plain language of R.C. 5705.37 requires a party to file a notice of appeal with the BTA and the budget commission within 30 days and authorizes use of certified mail for that purpose. A party choosing to use certified mail may rely on the date of the postmark on the sender's receipt as the date of filing for determining the timeliness of the filing.

{¶ 10} Gasper Township satisfied the requirements of R.C. 5705.37 by mailing the notice of appeal within 30 days to the BTA and the budget commission. It is undisputed that Gasper Township trustees properly addressed the notice of appeal to the Preble County Courthouse and that the budget commission has no fixed office in the courthouse. The township's fiscal officer testified that she received from the post office a computer-generated confirmation of delivery of the notice of appeal to the Preble County Budget Commission, signed for by Debra Brock, a Preble County employee who worked for the county commissioners. Gasper Township trustees produced a copy of the post office's delivery

notice. The trustees justifiably relied on the signed receipt as proof of filing and had no reason to further verify receipt.

{¶ 11} The commission contends that because it has no established office, the township should have addressed the notice of appeal to the office of the county auditor, who, by law, acts as secretary for the budget commission. See R.C. 5705.27. See also *Salem Med. Arts & Dev. Corp. v. Columbiana Bd. of Revision* (1998), 80 Ohio St.3d 621, 687 N.E.2d 746 (where there was no separately maintained office for the board of revision, the appealing party could have filed its notice of appeal with the auditor, who acts as the secretary of the board). But that is not what the statute requires. Nevertheless, the township mailed the notice of appeal to the budget commission at the address used by the auditor's office: "Courthouse, 2nd Floor" in Eaton.

{¶ 12} Therefore, under the unique and narrow circumstances of this case, we hold that Gasper Township complied with the statutory requirements in R.C. 5705.37 for filing the appeal.

### Duty to Notify All Parties of the Filing of a Notice of Appeal

### Pursuant to R.C. 5705.37

{¶ 13} The BTA did not address the other issue raised in the villages' motion to dismiss, specifically the budget commission's failure to notify the villages of the filing of the notice of appeal as required by R.C. 5705.37. The villages contend that the notice of appeal was defective because the budget commission did not notify the villages of the filing of the appeal or file proof of the notice as required by R.C. 5705.37.[2] The villages contend that Gasper Township was aware that the budget commission had not notified the villages, yet it chose to go forward with the appeal. As a result, the villages allege, they had no opportunity to participate in the June 10, 2005 evidentiary hearing before the BTA, although they were directly affected by the county's allocation of funds.

{¶ 14} R.C. 5705.37 requires the budget commission, upon receipt of the notice of appeal, to "notify all persons who were parties to the proceeding before the budget commission of the filing of the notice of appeal" by certified mail and to file proof of the notice with the BTA. The villages contend that Gasper Township had a duty to ensure that all elements of the statute were met in order to properly prosecute its appeal and that the township was obligated to ensure that the budget commission provided all necessary parties with notice of the filing of

---

2. The villages also contend that Gasper Township filed its notice of appeal on October 6, 2004, not October 15, 2004. Because we have determined that Gasper Township filed its notice of appeal on October 15, 2004, in accordance with R.C. 5705.37, we do not address the merits of the alleged October 6 notice.

the appeal. The statutory duty to provide notice to other parties is that of the budget commission, not the party that filed the notice of appeal.

{¶ 15} The budget commission was notified of the appeal (see footnote 1) by the BTA even if it did not receive the notice of appeal that had been delivered to the Preble County Courthouse. The commission then failed to send notice to the villages and did not file proof of notice with the BTA. Because we have determined that Gasper Township complied with R.C. 5705.37 when mailing its notice of appeal to the budget commission, we remand to the BTA with instructions to vacate its January 27, 2006 decision and to reschedule the matter for a hearing on the merits once the budget commission has properly notified all persons who were parties to the proceeding before the commission of the notice of appeal pursuant to R.C. 5705.37.

### Conclusion

{¶ 16} Based on the foregoing, we conclude that Gasper Township filed its notice of appeal in conformity with R.C. 5705.37, that the budget commission failed to notify all persons who were parties to the proceeding before the commission of the notice of appeal, and that the BTA improperly dismissed the appeal. We reverse and remand the cause for proceedings consistent with this opinion.

Decision reversed
and cause remanded.

PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

MOYER, C.J., and O'DONNELL and CUPP, JJ., dissent.

———————

**O'DONNELL, J., dissenting.**

{¶ 17} The issue in this case involves an interpretation of R.C. 5705.37 and concerns whether a notice of appeal has been filed with the budget commission upon a timely, certified mailing to the proper address or whether filing also requires actual receipt by the budget commission. While the majority concludes that Gasper Township filed its notice of appeal in accordance with R.C. 5705.37 simply by mailing it to the Preble County Budget Commission, the plain language of this statute establishes that a notice of appeal has not been filed unless it has been received by the budget commission. Thus, I respectfully dissent.

{¶ 18} As the majority recognizes, "[t]he right to appeal an allocation of a local government fund to the Board of Tax Appeals is created by statute. * * * Therefore, if appellant has failed to comply with the appropriate statutory requirements, the board lacks subject-matter jurisdiction to hear the appeal."

*Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 284, 10 O.O.3d 411, 383 N.E.2d 896, citing *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 584, 53 O.O. 430, 120 N.E.2d 310, and *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

{¶ 19} In this case, we are required to interpret R.C. 5705.37, which provides: "The taxing authority of any subdivision that is dissatisfied with any action of the county budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days * * *. An appeal under this section shall be taken by the filing of a notice of appeal, either in person or by certified mail * * *, with the board and with the commission. *If [a] notice of appeal is filed by certified mail * * *, [the] date of the United States postmark placed on the sender's receipt by the postal service * * * shall be treated as the date of filing. Upon receipt of the notice of appeal, the commission, by certified mail, shall notify all persons who were parties to the proceeding before the commission of the filing of the notice of appeal and shall file proof of notice with the board of tax appeals.*" (Emphasis added.)

{¶ 20} When construing a statute, we have emphasized that "our paramount concern is the legislative intent." *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. And as we reiterated in *State ex rel. Choices for South–Western City Schools v. Anthony,* 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40, "[t]o discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage."

{¶ 21} Here, the plain language of R.C. 5705.37 requires a party to file a notice of appeal with the budget commission within 30 days, and it authorizes use of certified mail for that purpose. A party choosing to use certified mail may rely on the date of the postmark on the sender's receipt as the date of filing for determining the timeliness of the filing, but that party has the further obligation to also ensure that the notice of appeal has been received in the proper office. This portion of the statute does not specify that the date on the receipt shall be treated as the date the budget commission received the filing.

{¶ 22} Rather, the statute plainly expresses the legislature's intent that a notice of appeal is not filed until the budget commission actually receives it. R.C. 5705.37 specifies that "[u]pon *receipt* of the notice of appeal, the commission * * * shall notify all persons who were parties to the proceeding before the commission of the filing of the notice of appeal and shall file proof of notice with the board of tax appeals." (Emphasis added.) The statute thus contemplates two aspects of filing a notice of appeal: the timeliness of the filing and the actual receipt of the filing by the budget commission, which triggers further duties for the commission to undertake. In this way, the General Assembly has expressed

its intent for the budget commission to *receive* the notice of appeal in a timely fashion.

{¶ 23} The majority concludes that the budget commission had a duty to notify "all persons who were parties to the proceeding before the commission of the filing of the notice of appeal," R.C. 5705.37, because "[t]he budget commission was notified of the appeal * * * by the BTA even if it did not receive the notice of appeal that had been delivered to the Preble County Courthouse." ¶ 15. But R.C. 5705.37 establishes that the commission's duty to notify arises only "[u]pon *receipt* of the notice of appeal" (emphasis added), not, as the majority holds, "upon *notification* of the notice of appeal." Thus, by substituting its word for the word chosen by the legislature, the majority violates the well-established maxim of statutory construction that "it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.

{¶ 24} Moreover, the ordinary meaning of the word "file" indicates completed delivery. Black's Law Dictionary (8th Ed.2004) 660 defines the verb "file" as to "deliver a legal document to the court clerk or record custodian for placement into the official record." We relied upon this definition in *State ex rel. Stoll v. Logan Cty. Bd. of Elections,* 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 35, in which we held that a referendum petition delivered to the private residence of a township trustee but never given to the township fiscal officer or placed in the township records had not been filed in accordance with R.C. 519.12(H). See also *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 26.

{¶ 25} Similarly, in *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, we concluded that the word "filed" in G.C. 710–98a required actual delivery into the custody of the addressee. Id., paragraph one of the syllabus, cited with approval in *Elkem Metals Co. v. Washington Cty. Bd. of Revision* (1998), 81 Ohio St.3d 683, 687, 693 N.E.2d 276. As we noted in *Fulton,* "[t]he act of mailing was but the initial step taken in the process of transmission of the claim and did not constitute a 'filing.' The date of mailing is therefore immaterial. The fact which is controlling is the time of actual delivery of the claim into the official custody and control of the Superintendent of Banks, for it was then that the claim was 'filed.'" 130 Ohio St. at 500, 5 O.O. 142, 200 N.E. 636.

{¶ 26} It has never been the law that the act of *mailing* is equivalent to the act of *filing.* Rather, in numerous contexts, we have held that jurisdiction does not vest in a tribunal until the appropriate document has been filed. See, e.g., *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2001), 91

Ohio St.3d 308, 744 N.E.2d 751 (board of revision); *Hartsock v. Chrysler Corp.* (1989), 44 Ohio St.3d 171, 541 N.E.2d 1037 (appeal from the Industrial Commission); *Hansford v. Steinbacher* (1987), 33 Ohio St.3d 72, 514 N.E.2d 1385 (appeal from the Unemployment Compensation Board of Review).

{¶ 27} Based on the foregoing, it is my view that in an appeal from an allocation of local government funds, a notice of appeal has not been filed in accordance with R.C. 5705.37 unless it has been received by the budget commission. While the statute provides that the date of the postmark on the sender's receipt shall be treated as the *date* of filing, it does not relieve a party of the obligation to ensure that the budget commission actually receives the notice of appeal. The party choosing to appeal bears the burden to ensure the receipt of the filing, and those who wait until the last day foreclose opportunities to correct mistakes.

{¶ 28} In this case, although a receptionist employed by the county commissioners signed the certified-mail receipt for the notice of appeal, the budget commission never received it as required by statute. Thus, Gasper failed to file its notice of appeal in conformity with R.C. 5705.37, and the BTA properly dismissed the appeal for lack of subject matter jurisdiction. For these reasons, I respectfully dissent.

MOYER, C.J., and CUPP, J., concur in the foregoing opinion.

---

John R. Varanese, for appellant.

Richard F. Hoffman, for appellee Preble County Budget Commission.

Chester, Willcox & Saxbe, L.L.P., John W. Bentine, Elizabeth J. Watters, and Lark T. Mallory, for appellees the villages of Eldorado, Gratis, Lewisburg, New Paris, West Alexandria, West Manchester, and Verona.